**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone: (360) 567-2551 Fax: (360) 567-3331
**JOSE R. MATA**, SBN. 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**SHELBY L. CLARK**, SBN. 203606, OSB No. 06049
E-Mail: Sclark@wagelawyer.com

**BONNIE MAC FARLANE,** SBN. 161526
720 Howe Avenue, Suite 113
Sacramento, CA  95825
Telephone:  (800) 230-5528
Fax:  (800) 230-5866
E-Mail:  BMacFarlane@wagelawyer.com

Attorneys for Plaintiff Okechukwu Mbama

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Okechukwu Mbama,** individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**Target Corporation,** a Minnesota Corporation, and Does 1-25, inclusive,<br><br>**Defendant.** | **Case No.**  Case No. C 07-3014 JL<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**<br><br>1.  Failure to Provide Rest Periods;<br><br>2.  Failure to Provide Meal Periods;<br><br>3.  Failure to Provide Accurate Itemized Wage Statements;<br><br>4.  Failure to Timely Pay Wages (Late Pay Penalty);<br><br>5.  Unlawful Business Practices (Cal. Bus. & Prof. Code §17200)<br><br>**CLASS ACTION**<br>**DEMAND FOR JURY TRIAL** |

   Plaintiff, Okechukwu Mbama (hereinafter "Plaintiff"), individually and on behalf of others similarly situated, brings this class action Complaint against Defendant, Target Corporation (hereinafter "Target"), and alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge:

## I. PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of others similarly situated, files this action to recover wages, statutory wages, and punitive damages, for all present and former hourly employees of Target for its actions in failing to provide appropriate rest periods and meal periods, failing to timely pay wages, and failing to provide accurate itemized wage statements.

2. Target is a Minnesota corporation with an annual revenue in 2006 of $59,490 million.[1] Target operates approximately 211 stores as well as three Regional Distribution Centers in California.

3. Target does not provide its employees duty-free rest periods and meal periods as required by California law. Target does not provide accurate itemized wage statements to its employees as required by California law. Target does not pay its employees wages when due as required by California law. Pursuant to California's strong policy of assuring employees are provided appropriate rest periods and meal periods, are timely paid wages, and are provided accurate itemized wage statements, Plaintiff seek appropriate recoveries including costs of suit, attorney fees, interest, and other relief this Court deems necessary.

4. Plaintiff was an hourly employee of Target. Plaintiff worked for Target in Albany, California from approximately July 2005 to November 2005. Plaintiff performed the services required of him during his employment. However, during Plaintiff's employment, Target did not satisfy its duty to provide duty-free rest periods and meal periods in compliance with California law. Target did not timely pay wages in compliance with California law. Target did not provide accurate itemized wage statements to its employees in compliance with California law.

## II. PARTIES

5. At all material times, Plaintiff and others similarly situated are and/or were current and former employees of Target, in the State of California. Target is subject to the wage and hour provisions of the State of California.

6. Target, at all material times herein, is and was doing business as "Target Corporation"

---

[1] http://investors.target.com/phoenix.zhtml?c=65828&p=irol-homeProfile (visited June 8, 2007)

in the State of California.

7. Plaintiff, at the time of filing this Complaint, is an individual who resides in the State of California and who is a citizen of the State California.

8. Target is a company organized and existing under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.

9. The true names and capacities of Defendants, Does One through Twenty-five, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of said fictitiously named Defendants when the same have been ascertained.

10. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, each Defendant was the agent, representative, principal, servant, employee, partner, alter ego, joint venturer, successor-in-interest, assistant, and/or consultant of each and every remaining Defendant, and as such, was at all times acting within the course, scope, purpose and authority of said agency, partnership and/or employment, and with the express or implied knowledge, permission, authority, approval, ratification and consent of the remaining Defendants. Each Defendant was responsible for the acts alleged herein, and were was an "employer" as set forth by California law. All Defendants herein were also negligent and reckless in the selection, hiring, and supervision of each and every other Defendant as an agent, representative, principal, servant, employee, partner, alter ego, joint venturer, successor-in-interest, assistant, and/or consultant.

### III. JURISDICTION

11. This is an action under 28 U.S.C. § 1332(d)(2) to recover wages, statutory damages, and exemplary damages for current and former employees of Target who are/were hourly employees in California. The amount in controversy exceeds $5,000,000.00 exclusive of interest and costs. The class will exceed 100 members. Further, Plaintiff is diverse from Target.

12. There are other wage and hour class actions pending against Defendant: *Burger v. Target Corporation*, Case No. C 07-01052 MMC, San Francisco Division, *Wong v. Target Corporation*, Case No. C 06-05398 WDB, Oakland Division, and *Mora v. Target Corporation*, Case No. 07 CV 0719 JM (hereinafter, the Mora case), which was filed in the Southern District of

California on or about April 19, 2007.

## IV. VENUE AND INTRADISTRICT ASSIGNMENT

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because this Court has personal jurisdiction over Target, which: (1) conducts business in the State of California, including the City of Albany, (2) hires and maintains employees in the State of California, including the City of Albany, and (3) avails itself of the protection of the laws of the State of California.

14. This lawsuit is based on facts that warrant assignment to a division in this district (i.e. Target maintains stores in Alameda County as well as elsewhere in the State of California). Plaintiff worked in Albany, California for Target. Plaintiff requests assignment to the Oakland division.

## V. CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action to recover statutory damages, wages, punitive damages, and monies due and owing for all current and former employees of Target for its failure to provide duty-free rest periods and meal periods, failure to timely pay wages, and failure to provide accurate itemized wage statements pursuant to California law.

16. Plaintiff prosecutes this Complaint pursuant to Rule 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of current and former employees. Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected Plaintiff and all purported class members. Based on information and belief, the members of the class exceeds 100 persons, and that number will increase depending upon employee turnover.

17. Target failed to provide duty-free rest breaks and meal breaks as required by California law.

18. Target is required to provide Plaintiff and others similarly situated duty-free rest periods. Pursuant to California law, Target is required to provide an uninterrupted duty-free 10 minute rest period for every four hours worked or major fraction thereof.

19. Target failed to provide Plaintiff and others similarly situated duty-free rest periods in compliance with California law.

20. Target is required to provide Plaintiff and others similarly situated duty-free meal

1  periods. Pursuant to California law, Target is required to provide an uninterrupted duty-free 30
2  minute meal period after 5 hours of work per day, and is required to provide a second uninterrupted
3  duty-free 30 minute meal period after 10 hours of work per day.

4      21.    Target failed to provide Plaintiff and others similarly situated duty-free meal periods
5  in compliance with California law.

6      22.    Because Target required Plaintiff and others similarly situated to work instead of
7  providing them with duty-free rest periods and meal periods, Plaintiff and others similarly situated
8  are owed wages and damages pursuant to California law including, but not limited to, Cal. Lab. Code
9  §§ 203 and 226.7.

10     23.    Target is required to provide accurate itemized wage statements for each pay period to
11 Plaintiff and others similarly situated pursuant to California law including, but not limited to, Cal.
12 Lab. Code § 226. Target failed to provide accurate itemized wage statements to Plaintiff and others
13 similarly situated. Because Target failed to provide itemized wage statements, Target owes Plaintiff
14 and others similarly situated damages.

15     24.    Target's actions in failing to provide duty-free rest periods and meal periods and in
16 failing to provide accurate itemized wage statements pursuant to California law, were willful,
17 malicious, fraudulent, and oppressive.

18     25.    Target is required to make timely payment of all wages due and owing to Plaintiff and
19 others similarly situated during and at the end of their employments as required by California law.

20     26.    Target's actions, detailed herein, were part of a statewide and/or nationwide corporate
21 plan and scheme, which affected all employees who worked for Target. As a direct and proximate
22 result of Target's illegal, company-wide plan, practice, and scheme, Plaintiff (1) was required to
23 work through part or all of the rest periods and meal periods mandated by California law, (2) was not
24 compensated for the unprovided rest periods and meal periods, (3) was not provided accurate
25 itemized wage statements, (4) was not timely paid wages, and (5) was victimized by Target's policies
26 and practices set forth herein. Plaintiff and others similarly situated are entitled to recover monies for
27 the unprovided rest periods and meal periods including, but not limited to, statutory wages and
28 penalty wages, pursuant to California law. Plaintiff is entitled to request injunctive relief. Also,

Plaintiff and others similarly situated are entitled to recover appropriate reasonable attorney fees, costs, and interest.

27. **DEFINITION OF SUB-CLASSES** – Plaintiff seeks class certification to include, but not limited to, the following potential sub-classes, pursuant to Rule 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure.

    A.   **UNPAID REST PERIOD STATUTORY CLASS** – Within the applicable time period prior to the filing of this Complaint up through and including the present date through adjudication, for Plaintiff and others similarly situated who worked for Target and who did not receive duty-free rest periods as required by California law.

    B.   **UNPAID MEAL PERIOD STATUTORY CLASS** – Within the applicable time period prior to the filing of this Complaint up through and including the present date through adjudication, for Plaintiff and others similarly situated who worked for Target and who did not receive duty-free meal periods as required by California law.

    C.   **ITEMIZED WAGE STATEMENT CLASS** – Within the applicable time period prior to the filing of this Complaint up through and including the present date through adjudication, for Plaintiff and others similarly situated who worked for Target and whose wage statements that Target provided were inaccurate or not provided as required by California law.

    D.   **LATE PAYMENT CLASS** – Within the applicable time period prior to the filing of this Complaint up through and including the present date through adjudication, for Plaintiff and others similarly situated whose employment with Target ended and who did not receive all wages when due as required by California law.

    E.   **BUSINESS AND PROFESSIONS CLASS** – Within four years prior to the filing of this Complaint up through and including the present date through adjudication, for Plaintiff and others similarly situated who were not provided

1  duty-free mandatory rest periods and meal periods and who are owed wages.

2  28.  **NUMEROSITY** – Based on information and belief, the members of the California State wage and hour class exceed 100 persons. This number may increase depending upon the turnover rate for employees over the applicable statutory period prior to the filing of this Complaint.

29.  **QUESTIONS OF LAW AND FACT** – Common questions of law and fact exist as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former Target employees. Common questions include:

    A.    Whether Plaintiff and class members are subject to California State wage and hour laws.

    B.    Whether Target failed to provide Plaintiff and class members duty-free rest periods as required by California state wage and hour laws.

    C.    Whether Target failed to provide Plaintiff and class members duty-free meal periods as required by California state wage and hour laws.

    D.    Whether Target failed to timely pay Plaintiff and class members their final wages due and owing at the end of their employments.

    E.    Whether Plaintiff and class members were not provided accurate itemized wage statements as required by California law.

    F.    Which remedies are available for the violations of California state wage and hour laws.

30.  **TYPICALITY** – The claims of the named Plaintiff are typical of the claims of the members of the wage and hour class in that:

    A.    Plaintiff is a member of the class.

    B.    Plaintiff's claims stem from the same practices or courses of conduct that form the basis of the class.

    C.    Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances.

    D.    There is no antagonism between the interests of the named Plaintiff and absent

1           class members.

2     E.     The injuries which Plaintiff suffered are similar to the injuries which class members have suffered.

31. **REPRESENTATION BY PLAINTIFF** – The named Plaintiff will fairly and adequately represent the class in that:

    A.     There is no conflict between Plaintiff's claims and those of other class and subclass members.

    B.     Plaintiff has retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

    C.     Plaintiff's claims are typical of the claims of class members.

32. **CERTIFICATION** – of Plaintiff's claims is appropriate because:

    A.     Common questions of law or fact predominate over questions affecting only individual members.

    B.     The forum is convenient to the parties, class members, and potential witnesses, the class is specifically identifiable to facilitate provision of adequate notice, and there will be no significant problems managing this case as a class action.

    C.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have a minimal interest in controlling the prosecution of separate actions.

## FACTS

33. Plaintiff, Okechukwu Mbama, was an hourly employee of Target from approximately July, 2005 to November, 2005. Mr. Mbama worked for Target in Albany, California in the position of "Department Manager."

34. While employed with Target, Mr. Mbama missed an average of four rest breaks per week. In addition, Mr. Mbama missed an average of three meal breaks per week.

35. Mr. Mbama was terminated from his employment with Target on or about November 28, 2005. He did not receive his final paycheck until after February 1, 2006.

36. Defendant also untimely paid Plaintiff's wages from November 21-28, 2005 for 50 hours at $14.50 per hour. Plaintiff did receive payment through the Department of Labor Standards and Enforcement for only these unpaid wages plus late pay damages pursuant to Cal. Lab. Code § 203. Plaintiff did not release or settle any of the other claims alleged herein.

37. **Private Attorneys General Act of 2004**: Pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.*, Plaintiff has given notice to Target and to California Labor and Workforce Development Agency (the "LWDA") of Target's violations of the California Labor Code, including but not limited to Cal. Lab. Code §§ 201, 202, 203, 204, 226, 226.7, 512, and 516 . After the notice period provided in California Labor Code § 2699.3, Plaintiff intends to amend his complaint to include civil penalties provided in California law, including but not limited to California Labor Code §§210, 226.7, 558, and 2699. On or about 11, 2007, the LWDA sent a letter to Plaintiff's counsel stating that it will conduct an investigation into Target's actions alleged herein.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Failure to Provide Rest Periods)

38. Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

39. At all times material herein, Plaintiff and others similarly situated were employed by Target.

40. The California Labor Code and the IWC provide for minimum employment conditions to be followed by all employers within the State of California. California law, including but not limited to Cal. Lab. Code §§ 226.7 and 516, and IWC wage orders, including but not limited to IWC wage order 7-2001, require that employees receive a paid duty-free rest break of not less than 10 minutes for each period of four hours worked or major fraction thereof.

41. Within the applicable time period prior to the filing of this Complaint up through and including the present date through adjudication, Target failed to provide Plaintiff and others similarly situated duty-free rest periods of not less than ten (10) minutes, in violation of California law. Target

1  failed to pay Plaintiff and others similarly situated for those rest periods not provided, including
2  statutory wages and penalty wages pursuant to Cal. Lab. Code §§ 203, 204, 226.7, 218.5, 218.6,
3  226.7, and 516.  Target's failure to provide duty-free rest periods was willful, malicious, fraudulent,
4  and oppressive.

5      42.    Plaintiff and others similarly situated seek statutory wages and penalty wages for the
6  three years prior to the filing of this Complaint, plus costs, interest, disbursements, and attorney fees
7  pursuant to California law including, but not limited to, Cal. Lab. Code §§ 203, 204, 226.7, 218.5,
8  218.6, and 226.7.

## SECOND CLAIM FOR RELIEF

### (Failure to Provide Meal Periods )

11      43.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though
12  fully set forth herein.

13      44.    At all times material herein, Plaintiff and others similarly situated were employed by
14  Target.

15      45.    The California Labor Code and the IWC provide for minimum employment
16  conditions to be followed by all employers within the State of California.  California law, including
17  but not limited to Cal. Lab. Code §§ 226.7, 512, and 516, and IWC wage orders, require in part that
18  employees receive a duty-free meal period of not less than 30 minutes for each shift over five hours.

19      46.    Within the applicable time period prior to the filing of this Complaint up through and
20  including the present date through adjudication, Target failed to provide Plaintiff and others similarly
21  situated with uninterrupted duty-free meal periods of not less that 30 minutes in violation of
22  California law including, but not limited to, Cal. Lab. Code §§ 203, 204, 226.7, 512, and 516, and
23  IWC wage orders.  Target failed to pay Plaintiff and others similarly situated for those meal periods
24  not provided.  Target's failure to provide duty-free meal periods was willful, malicious, fraudulent,
25  and oppressive.

26      47.    As a result of Target's failure to provide duty-free meal periods as required, Plaintiff
27  and others similarly situated are entitled to recover statutory wages for those meal periods that were
28  not provided plus penalty wages as required by California law, including but not limited to Cal. Lab.

Code §§ 203 and 226.7.

48. Plaintiff and others similarly situated seek statutory wages and penalty wages for the three years prior to filing of this Complaint plus costs, interest, disbursements, and attorney fees pursuant to California law including, but not limited to, Cal. Lab. Code §§ 203, 218.5, 218.6, and 226.7.

## THIRD CLAIM FOR RELIEF

### (Failure to Provide Itemized Wage Statements)

49. Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

50. At all times material herein, Plaintiff and others similarly situated were employed by Target.

51. Target is required to comply with California wage and hour law. Target is required to provide accurate itemized wage statements for each pay period to Plaintiff and others similarly situated pursuant to California law including, but not limited to, Cal. Lab. Code § 226.

52. Within the applicable time period prior to the filing of this Complaint up through and including the present date through adjudication, Target failed to provide accurate itemized wage statements to Plaintiff and others similarly situated whereby Plaintiff and others similarly situated were harmed.

53. Plaintiff seeks payment of actual and statutory damages pursuant to Cal. Lab. Code § 226(e) for each employee who did not receive accurate itemized wage statements during their employments with Target.

## FOURTH CLAIM FOR RELIEF

### (Late Payment of Wages)

54. Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

55. At all times material herein, Plaintiff and others similarly situated were employed by Target.

56. Within the applicable time period prior to the filing of this Complaint up through and

including the present date through adjudication, Target willfully, maliciously, fraudulently, and oppressively failed to pay all wages to Plaintiff and others similarly situated upon termination of their employment when those wages were due. This failure entitles Plaintiff and others similarly situated to up to 30 days of penalty wages for each pay period when wages were not paid as required by California law, including but not limited to Cal. Lab. Code §§ 201, 202, and 203.

57. Plaintiff and others similarly situated seek penalty wages for the applicable time period prior to filing of this Complaint plus costs, interest, disbursements, and attorney fees, pursuant to California law including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 218.5, 218.6, and 226.7.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition)

58. Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

59. At all times material herein, Plaintiff and others similarly situated were employed by Target.

60. Within four years prior to the filing of this Complaint up through and including the present date through adjudication, Target failed to comply with the wage and hour provisions of the State of California, as set forth herein.

61. Plaintiff, individually, and on behalf of the general public, alleges that at all relevant times Target's actions including, but not limited to, its violations of California law and the California Labor Code, as set forth herein, constitute a continuing and ongoing unfair and unlawful activity prohibited by Cal. Bus. & Prof. Code § 17200 *et seq*., and justify restitution and/or injunctive relief.

62. Target's failure to comply with California state wage and hour law is likely to continue. These unlawful business practices mislead the public and present a continuing threat to the public. Plaintiff has suffered injury in fact and Plaintiff has lost money or property as a result of such unfair competition.

63. Target has engaged in unfair business practices in California by using the illegal employment practices outlined herein including, but not limited to, failing to provide Plaintiff duty-

free rest periods and meal periods, failing to pay wages, and failing to compensate for sums due for labor, fees, and penalties pursuant to California law. Target's use of such practices constitutes an unfair business practice and unfair competition, and provides an unfair advantage over Target's competitors.

64. Plaintiff alleges that, at all relevant times, Target has engaged in unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200 *et seq.*, including those set forth in the paragraphs herein, thereby depriving Plaintiff and the public of the minimum working conditions and standards due them under the California Labor Code and IWC Wage Orders.

65. The Court is authorized to order restitution and/or an injunction as a remedy for any violations of Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff seeks full restitution of said monies from Target, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by Target by means of the unfair practices complained of herein. Plaintiff, on his behalf and on behalf of others similarly situated, seeks restitution in an amount to be determined, injunctive relief, costs, interest, and attorneys' fees pursuant to California law including, but not limited to, Cal. Bus. Prof. Code § 17200 *et seq.*

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Target as follows:

1. For all unpaid wages in an amount to be determined at the time of trial;
2. Pursuant to Cal. Bus. & Prof. Code § 17203, that Target be preliminarily and permanently enjoined from: a) failing to provide employees mandatory rest periods and meal periods; b) failing to pay statutory wages for failing to provide mandatory rest and meal periods; and c) failing to timely pay wages.
3. Pursuant to Cal. Bus. & Prof. Code § 17203 and the equitable powers of this Court, that Target be ordered to restore to Plaintiffs all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Bus. & Prof. Code §17200 *et seq.*;
4. For restitutionary disgorgement of wages and related sums, wages, attorney fees, and all other remedies available pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*;

1  5.  For statutory wages and damages pursuant to California law including, but not limited to, Cal. Lab. Code §§ 203, 226, and 226.7;

6.  For punitive and exemplary damages;

7.  For costs and disbursements, pre-judgment and post-judgment interest in the amount of 10% per annum, and attorney fees, pursuant to Cal. Lab. Code §§ 218.5 and 218.6;

8.  For such further or alternative relief in favor of Plaintiff and all class members as the Court deems appropriate.

Dated: July 13, 2007                    Bailey Pinney PC

By ___/s/_____
    Shelby L. Clark
    Attorney for Plaintiff
    Okechukwu Mbama

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Plaintiff demands a jury trial for all issues so triable.

Dated: July 13, 2007                    Bailey Pinney PC

By ___/s/_____
    Shelby L. Clark
    Attorney for Plaintiff
    Okechukwu Mbama

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: July 13, 2007                    Bailey Pinney PC

By __/s/_____
    Shelby L. Clark
    Attorney for Plaintiff
    Okechukwu Mbama