1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   SAIDAH GRAYSON (Cal. State Bar No. 221713)
2  RISHI N. SHARMA (Cal. State Bar No. 239034)
   JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
4  San Francisco, CA  94105-3441
   Telephone:  (415) 856-7000
5  Facsimile:  (415) 856-7100
   jeffwohl@paulhastings.com
6  saidahgrayson@paulhastings.com
   rishisharma@paulhastings.com
7  jeffmichalowski@paulhastings.com

8  Attorneys for Defendant
   Target Corporation
9

10

11                   UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

| 14 | OKECHUKWU MBAMA, individually and on behalf of all others similarly situated, | No. C 07-3014 (JL) |
|---|---|---|
| 15 | | **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 16 | Plaintiff, | |
| 17 | vs. | |
| 18 | TARGET CORPORATION, a Minnesota Corporation, and Does 1-25, inclusive, | |
| 19 | | |
| 20 | Defendant. | |

21

22

23

24

25

26

27

28

Defendant Target Corporation ("Target"), for itself alone and no other defendant, hereby answers the First Amended Complaint (the "Complaint") of plaintiff Okechukwu Mbama as follows:

### FIRST DEFENSE

The Complaint, and each of its claims for relief, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's class allegations (paragraphs 15-32, including all subparagraphs) are vague and uncertain and either they should be dismissed for failure to state a claim upon which relief may be granted or plaintiff should be ordered to make a more definite statement of them.

### THIRD DEFENSE

This District is not the venue that serves the convenience of the parties or the witnesses or the interests of justice; instead, the Central District of California is that venue and this action should be transferred to the Central District. Alternatively, if the civil action *Renee Cesar Vilches Mora, on behalf of himself and all others similarly situated, Plaintiffs, v. Target Corporation, a Minnesota Corporation, and Does 1 through 125, Inclusive, Defendants*, U.S.D.C., S.D. Cal., No. 07 CV 0719 JM (filed on April 19, 2007), is not dismissed or is not transferred to the Central District as sought or suggested by Target in that proceeding, then this action should be transferred to the Southern District of California for coordination or consolidation with *Mora v. Target Corp.*

### FOURTH DEFENSE

1. Target admits paragraphs 2, 6, 8, and 12 of the Complaint.

2. Target admits that plaintiff brings claims and seeks remedies on behalf of a purported class, the existence of which Target expressly denies, but denies that plaintiff or the purported class are entitled to the relief he seeks or to any relief. Except as so admitted, Target denies paragraphs 1, 15, 42, 48, 53, 57, and 61 of the Complaint.

3. Target admits that plaintiff was a non-exempt employee at Target compensated on an hourly basis from approximately July 2005 to November 2005. Target lacks sufficient information on which to form a belief as to the truth of the claim that plaintiff performed the services required of him during him employment, and on that basis denies it. Except as so admitted and denied, Target denies

paragraph 4 of the Complaint.

4.    Target admits that plaintiff is a former employee of Target in the State of California. Except as so admitted, Target lacks sufficient information on which to form a belief as to the truth of paragraphs 5, 33, 39, 44, 50, 55, and 59 of the Complaint and on that basis denies the truth of these paragraphs.

5.    Target admits that plaintiff bases this Court's jurisdiction over this action on 28 U.S.C. section 1332(d). Target lacks sufficient information on which to form a belief as to the truth of the amount in controversy, the size of the purported class, or plaintiff's purported diversity from Target, and on this basis denies these assertions. Except as so admitted, Target denies paragraph 11 of the Complaint.

6.    Target admits that venue lies in this District, but denies that this venue serves the convenience of the parties and the witnesses and the interests of justice. Except as so admitted, basis Target denies paragraph 13 of the Complaint.

7.    Target admits that plaintiff worked for Target in an Albany store, and admits that plaintiff requests assignment of this action to the Oakland Division of this District. Except as so admitted, Target denies paragraph 14 of the Complaint and denies in particular that there is any basis to request an action be assigned to the Oakland Division of this District inasmuch as there is no intra-district assignment rule with respect to the Oakland and San Francisco Divisions of this District.

8.    Target admits that plaintiff purports to bring his claims on behalf of a class under Federal Rule of Civil Procedure 23. Except as so admitted, Target denies paragraph 16 of the Complaint.

9.    Target admits that generally it must provide to its non-exempt employees working in California one uninterrupted duty-free ten-minute rest period for every four hours or major fraction thereof worked. Except as so admitted, Target denies paragraphs 18 and 40 of the Complaint.

10.   Target admits that generally it must provide to its non-exempt employees working in California an uninterrupted duty-free thirty-minute meal period for each shift over five hours. Except as so admitted, Target denies paragraphs 20 and 45 of the Complaint.

11.   Target admits that generally it must provide to its California employees wage statements that comply with California Labor Code section 226(a). Except as so admitted, Target denies

1  paragraphs 23 and 51 of the Complaint.

2      12.    Target admits that generally it must provide timely final pay to its California employees.
3  Except as so admitted, Target denies paragraph 25 of the Complaint.

4      13.    Target admits that plaintiff seeks class certification to include the enumerated sub-
5  classes. Except as so admitted, plaintiff denies paragraph 27 of the Complaint and each of its
6  subparagraphs.

7      14.    Target admits that plaintiff's employment with Target ended on or around November 28,
8  2005, and that due to inadvertent mistake plaintiff was not paid all of his wages timely upon his
9  termination. Except as so admitted, Target denies paragraph 35 of the Complaint.

10      15.    Target admits that plaintiff brought a complaint before the California Department of
11  Industrial Relations, Division of Labor Standards Enforcement, to recover wages that he alleged had not
12  been paid to him upon termination, as well as waiting-time penalties; and that his claim was settled and
13  released. Except as so admitted, Target denies paragraph 36.

14      16.    Target admits that the Labor Code Private Attorneys General Act of 2004, Cal. Labor
15  Code § 2698 *et seq.*, requires plaintiff to give notice to Target and to the California Labor and
16  Workforce Development Agency prior to commencing a civil action alleging violation of any provision
17  of California Labor Code section 2699.5. Except as so admitted, Target lacks sufficient information on
18  which to form a belief as to the truth of paragraph 37 of the Complaint, and on this basis denies it.

19      17.    Target admits that plaintiff seeks relief under California Business and Professions Code
20  section 17200, but denies that he is entitled to the relief he seeks or to any relief. Target admits that
21  California Business and Professions Code section 17200 empowers the Courts to grant various forms of
22  relief, but denies that such relief, or any relief, is proper in this action. Except as so admitted or
23  specifically denied, Target denies paragraph 65 of the Complaint.

24      18.    Target lacks sufficient information on which to form a belief as to the truth of paragraphs
25  7 and 9 of the Complaint and on that basis denies the truth of these paragraphs.

26      19.    Target lacks sufficient information on which to form a belief as to the truth of the claim
27  that each Defendant had a relevant agency relationship with each remaining defendant, and on this basis
28  denies it; and Target denies the assertion that all defendants were negligent or reckless in their selection,

hiring, and supervision of each and every other defendant. The claims that each defendant was responsible for the acts alleged in the Complaint, and that each defendant was an employer under California law, constitute a legal conclusion inappropriate for a Complaint, and on that basis Target denies it. Except so as so admitted and denied, Target denies paragraph 10 of the Complaint.

20. Target denies paragraphs 3, 17, 19, 21, 22, 24, 26, 28, 29 (including all of its subparagraphs), 30 (including all of its subparagraphs), 31 (including all of its subparagraphs), 32 (including all of its subparagraphs), 34 (including all of its subparagraphs), 41, 46, 47, 52, 56, 60, 62, 63, and 64 of the Complaint, and denies further that plaintiff was damaged in the nature or amount alleged or in any nature or amount.

21. Target incorporates by reference and realleges its responses to paragraphs 1-37 of the Complaint in response to paragraph 38 of the Complaint; incorporates by reference and realleges its responses to paragraphs 1-42 of the Complaint in response to paragraph 43 of the Complaint; incorporates by reference and realleges its responses to paragraphs 1-48 of the Complaint in response to paragraph 49 of the Complaint; incorporates by reference and realleges its responses to paragraphs 1-53 of the Complaint in response to paragraph 54 of the Complaint; and incorporates by reference and realleges its responses to paragraphs 1-57 of the Complaint in response to paragraph 58 of the Complaint.

**FIFTH DEFENSE**

The Complaint, and each of its claims for relief, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 338 and 340, and/or California Business and Professions Code section 17208.

**SIXTH DEFENSE**

Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, and any recovery plaintiff otherwise would be entitled to should be precluded or reduced accordingly.

**SEVENTH DEFENSE**

Plaintiff has waived and released the claims for relief in the Complaint.

///

///

**EIGHTH DEFENSE**

The Complaint, and each of its claims for relief, fails because plaintiff did not satisfy and/or breached his statutory obligations as provided in the California Labor Code, including but not limited to California Labor Code sections 2854 and 2856-2859.

**NINTH DEFENSE**

Plaintiff is estopped from pursuing the claims in the Complaint, and each of its claims for relief by reason of plaintiff's own actions and course of conduct.

**TENTH DEFENSE**

Plaintiff has waived the right, if any, to pursue the claims in the Complaint, and each of its claims for relief by reason of plaintiff's own actions and course of conduct.

**ELEVENTH DEFENSE**

The Complaint, and each of its claims for relief is barred because any recovery from Target would result in plaintiff's unjust enrichment.

**TWELFTH DEFENSE**

Plaintiff's First and Second Claim for Relief failure to provide meal periods and rest breaks are barred because plaintiff was provided meal periods and rest breaks in accordance with the law; plaintiff was not required to work during any meal period or rest break; and any failure by plaintiff to take a meal period or rest break was due to his own election and not any act or omission by Target.

**THIRTEENTH DEFENSE**

Plaintiff's First and Second Claims for Relief for failure to provide meal periods and rest breaks are barred to the extent that plaintiff consented to the waiver of his meal periods and/or rest breaks.

**FOURTEENTH DEFENSE**

Plaintiff's Third Claim for Relief for failure to itemize properly employee wage statements is barred to the extent that Target's failure, if any, to provide accurate wage statements was inadvertent and/or due to clerical error.

///

///

///

**FIFTEENTH DEFENSE**

Plaintiff's Fourth Claim for Relief for failure to pay all final wages timely is barred because Target did not willfully fail to pay all final wages on termination and/or plaintiff secreted or absented himself to avoid payment to him and/or plaintiff refused to receive payment when fully tendered.

**SIXTEENTH DEFENSE**

Plaintiff's claim for penalties under California Labor Code sections 203, 226, 226.3 and 226.7 is barred to the extent it seeks an award of penalties beyond the one-year limitation period contained in California Code of Civil Procedure section 340(a).

**SEVENTEENTH DEFENSE**

Plaintiff is not entitled to any penalty award under sections 203, 226, 226.3 and, but not limited to, 226.7, of the California Labor Code because, at all times relevant to the Complaint, Target did not willfully fail to comply with the compensation provisions of the California Labor Code or the applicable wage order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code or the applicable wage order.

**EIGHTEENTH DEFENSE**

The Complaint fails to state a claim for relief for penalties under California Labor Code sections 203, 226, 226.3, and, but not limited to, 226.7 in that there is a good-faith dispute as to Target's obligation to pay any wages that may be found to be due.

**NINETEENTH DEFENSE**

The accumulation of penalties sought by plaintiff seeks would be so disproportionate to the harm alleged that it would violate due process under the Constitutions of the United States and the State of California.

**TWENTIETH DEFENSE**

Plaintiff's Fifth Claim for Relief under California Business and Professions Code section 17200 *et seq.* is barred because plaintiff cannot show an injury to competition, as distinguished from injury to himself, which such injury Target denies.

///

///

6    ANSWER TO FIRST AMENDED COMPLAINT
U.S.D.C., N.D. Cal., No. C 07-3014 (JL)
LEGAL_US_W #56796846.2

**FIFTEENTH DEFENSE**

Plaintiff's Fourth Claim for Relief for failure to pay all final wages timely is barred because Target did not willfully fail to pay all final wages on termination and/or plaintiff secreted or absented himself to avoid payment to him and/or plaintiff refused to receive payment when fully tendered.

**SIXTEENTH DEFENSE**

Plaintiff's claim for penalties under California Labor Code sections 203, 226, 226.3 and 226.7 is barred to the extent it seeks an award of penalties beyond the one-year limitation period contained in California Code of Civil Procedure section 340(a).

**SEVENTEENTH DEFENSE**

Plaintiff is not entitled to any penalty award under sections 203, 226, 226.3 and, but not limited to, 226.7, of the California Labor Code because, at all times relevant to the Complaint, Target did not willfully fail to comply with the compensation provisions of the California Labor Code or the applicable wage order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code or the applicable wage order.

**EIGHTEENTH DEFENSE**

The Complaint fails to state a claim for relief for penalties under California Labor Code sections 203, 226, 226.3, and, but not limited to, 226.7 in that there is a good-faith dispute as to Target's obligation to pay any wages that may be found to be due.

**NINETEENTH DEFENSE**

The accumulation of penalties sought by plaintiff seeks would be so disproportionate to the harm alleged that it would violate due process under the Constitutions of the United States and the State of California.

**TWENTIETH DEFENSE**

Plaintiff's Fifth Claim for Relief under California Business and Professions Code section 17200 *et seq.* is barred because plaintiff cannot show an injury to competition, as distinguished from injury to himself, which such injury Target denies.

///

///

### TWENTIETH-FIRST DEFENSE

Plaintiff's Fifth Claim for Relief under California Business and Professions Code section 17200 *et seq.* is barred because plaintiff cannot show a deception upon the public.

### TWENTY-SECOND DEFENSE

Plaintiff's Fifth Claim for Relief under California Business and Professions Code section 17200 *et seq.* is barred because plaintiff is not seeking recovery of a quantifiable sum owed by Target to plaintiff.

### TWENTY-THIRD DEFENSE

Plaintiff's Fifth Claim for Relief under California Business and Professions Code section 17200 *et seq.* is barred because plaintiff, as a private litigant, lacks standing to bring a claim for relief for damages under California Business and Professions Code section 17203.

### TWENTY-FOURTH DEFENSE

Plaintiff's Fifth Claim for Relief under California Business and Professions Code section 17200 *et seq.* is barred because California Business and Professions Code section 17200 *et seq.*, as stated and as sought to be applied by plaintiff, violate Target's rights under the United States Constitution and the California Constitution in that, among other things, they are void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.

### TWENTY-FIFTH DEFENSE

Plaintiff's Fifth Claim for Relief under California Business and Professions Code section 17200 *et seq.* violates Target's rights to due process under the United States Constitution and the California Constitution to the extent that the claims for relief do not afford Target the protections against multiple suits and duplicative liability ordinarily provided by class actions.

### TWENTY-SIXTH DEFENSE

Plaintiff's Fifth Claim for Relief under California Business and Professions Code section 17200 *et seq.* is barred because the remedy under the California Business and Professions Code for such actions is limited to restitution and injunctive relief.

///

**TWENTY-SEVENTH DEFENSE**

Plaintiff has failed to satisfy the prerequisites for class certification and, therefore, cannot represent the interests of others.

**TWENTY-EIGHTH DEFENSE**

The types of claims alleged by plaintiff on behalf of himself and the class he seeks to represent (the "Proposed Class") are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

**TWENTY-NINTH DEFENSE**

The claims alleged by plaintiff are neither common to nor typical of those, if any, of the members of the Proposed Class.

**THIRTIETH DEFENSE**

The members of the Proposed Class are not so numerous that joinder is impracticable.

**THIRTY-FIRST DEFENSE**

Plaintiff is an inadequate representative of the Proposed Class.

**THIRTY-SECOND DEFENSE**

The interests of certain members of the Proposed Class are in conflict with the interests of other members of the Proposed Class.

**THIRTY-THIRD DEFENSE**

Plaintiff has not shown and cannot show that class treatment of the claims alleged in the Complaint is superior to other methods of adjudicating the controversy.

**THIRTY-FOURTH DEFENSE**

Because liability and/or damages, if any, to each member of the Proposed Class may not be determined by a single jury or on a group-wide basis, allowing this action to proceed as a class or collective action would violate Target's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

///

///

///

**THIRTY-FIFTH DEFENSE**

In the event that a class should be certified in this matter, Target incorporates by reference and re-alleges all of its First through Twenty-Sixth Defenses in response to plaintiff's claims for relief on behalf of the class and each class member.

**THIRTY-SIXTH DEFENSE**

Plaintiff is not entitled to recover any punitive or exemplary damages as sought in the Complaint, and any allegations with respect to those damages should be stricken, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate Target's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

**RELIEF REQUESTED**

Target asks the Court to deny plaintiff's request for certification of a class and to enter judgment in favor of Target and against plaintiff, to award to plaintiff nothing on the Complaint and instead to dismiss the Complaint with prejudice, and to award to Target its costs of suit, including reasonable attorneys' fees, and such further or other relief as the Court may deem proper.

Dated: August 7, 2007.
JEFFREY D. WOHL
SAIDAH GRAYSON
RISHI N. SHARMA
JEFFREY P. MICHALOWSKI
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Jeffrey D. Wohl
Jeffrey D. Wohl
Attorneys for Defendant
Target Corporation