1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   SAIDAH GRAYSON (Cal. State Bar No. 221713)
2  RISHI N. SHARMA (Cal. State Bar No. 239034)
   JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
4  San Francisco, CA  94105-3441
   Telephone:  (415) 856-7000
5  Facsimile:  (415) 856-7100
   jeffwohl@paulhastings.com
6  saidahgrayson@paulhastings.com
   rishisharma@paulhastings.com
7  jeffmichalowski@paulhastings.com

8  Attorneys for Defendant
   Target Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL KIER, individually and on behalf of all others similarly situated, | No. C-06-7957-MHP |
| Plaintiff, | **ADMINISTRATIVE MOTION TO RELATE CASES** |
| vs. | N.D. Cal. Civ. L.R. 3-12(b) |
| TARGET CORPORATION, a Minnesota Corporation, and Does 1-25, inclusive, | |
| Defendants. | |
| OKECHUKWU MBAMA, individually and on behalf of all others similarly situated, | No. C-07-3014-SI |
| Plaintiff, | |
| vs. | |
| TARGET CORPORATION, a Minnesota Corporation, and Does 1-25, inclusive, Defendants. | |

**NOTICE OF MOTION AND MOTION**

To plaintiff Okechukwu Mbama and his counsel of record, A.E. "Bud" Bailey, J. Dana Pinney, Shelby L. Clark, and Bonnie Mac Farlane; and to plaintiff Cheryl Kier and her counsel of record, A.E. "Bud" Bailey, J. Dana Pinney, Shelby L. Clark, and Bonnie Mac Farlane:

PLEASE TAKE NOTICE that defendant Target Corporation ("Target") hereby brings this administrative motion pursuant to Civil Local Rules 3-12(b) and 7-11 to relate the following cases:

- *Cheryl Kier, individually and on behalf of all others similarly situated, Plaintiff, vs. Target Corporation, a Minnesota Corporation, and Does 1-25, inclusive, Defendant*, U.S.D.C., N.D. Cal. No. C-06-7957-MHP (filed Dec. 29, 2006).

- *Okechukwu Mbama, individually and on behalf of all others similarly situated, Plaintiff, vs. Target Corporation, a Minnesota Corporation, and Does 1-25, inclusive, Defendant*, U.S.D.C., N.D. Cal. No. C-07-3014-SI (filed Jun. 8, 2007)

The motion is made on the grounds that the actions concern substantially the same parties and events; it appears likely that there will be an unduly burdensome duplication of labor and expense; and it appears likely that there will be conflicting results if the cases are conducted before different Judges.

This administrative motion is based upon this notice; the following memorandum in support of the motion; the accompanying Declaration of Rishi N. Sharma in Support of Administrative Motion to Relate Cases; the accompanying [Proposed] Order Granting Administrative Motion to Relate Cases; all matters of which the Court may take notice; and such documentary and oral evidence received by the Court in connection with the motion.

Dated: August 15, 2007.    JEFFREY D. WOHL
SAIDAH GRAYSON
RISHI N. SHARMA
JEFFREY P. MICHALOWSKI
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Rishi N. Sharma
Rishi N. Sharma
Attorneys for Defendant Target Corporation

# MEMORANDUM

## I. INTRODUCTION

Pursuant to Civil Local Rule 3-12(a), defendant Target Corporation ("Target") moves to relate the following cases:

- *Cheryl Kier, individually and on behalf of all others similarly situated, Plaintiff, vs. Target Corporation, a Minnesota Corporation, and Does 1-25, inclusive, Defendant*, U.S.D.C., N.D. Cal. No. C-06-7957-MHP (filed Dec. 29, 2006) ("*Kier*").

- *Okechukwu Mbama, individually and on behalf of all others similarly situated, Plaintiff, vs. Target Corporation, a Minnesota Corporation, and Does 1-25, inclusive, Defendant*, U.S.D.C., N.D. Cal. No. C-07-3014-SI (filed Jun. 8, 2007) ("*Mbama*").

This motion satisfies the requirements of Civil Local Rule 3-12(a) because the actions concern substantially the same parties and events; it appears likely that there will be an unduly burdensome duplication of labor and expense; and it appears likely that there will be conflicting results if the cases are conducted before different Judges.

Based on the clear overlap between these actions, Target respectfully requests that the Court relate *Mbama* and the previously-filed *Kier*, and reassign *Mbama* to Judge Patel, before whom *Kier* was pending prior to its transfer to the Central District of California.

## II. BACKGROUND

### A. *Kier v. Target Corp.*

*Kier* was filed on December 29, 2006, as a putative class action on behalf of all Target hourly employees in the State of California from December 29, 2002, to the present; the case was assigned to the Honorable Marilyn Hall Patel of this Court. *See Kier* Complaint, No. C-06-7957-MHP (Dec. 29, 2006) (Docket No. 1). While her putative class action was pending in the Northern District, plaintiff Kier was represented by A.E. "Bud" Bailey, J. Dana Pinney, and Shelby L. Clark of Bailey Pinney, PC; and Bonnie Mac Farlane. *See id.*; Motion for Admission of Attorney J. Dana Pinney *Pro Hac Vice*, No. C-06-7957-MHP (Jan. 22, 2007) (Docket No. 5); Motion for Admission of Attorney A.E. "Bud" Bailey *Pro Hac Vice*, No. C-06-7957-MHP (Jan. 22, 2007) (Docket No. 6).

At the heart of the complaint was plaintiff Kier's allegations that Target's policies and practices

systematically deprived plaintiff Kier and all other hourly employees in the State of California of the protections guaranteed to them under the California Labor Code, including minimum wages for all hours worked, overtime wages for work in excess of eight hours per day or forty hours per week, and payment of final wages on termination. *Id.*, ¶¶ 14-31.

Plaintiff Kier alleged the following causes of action:

- Failure to provide meal and rest periods.
- Failure to pay wages, including minimum and overtime wages.
- Failure to provide itemized, accurate wage statements.
- Failure to pay wages timely.
- Claims for conversion of wages, breach of contract, and quantum meruit.
- Unfair business practices in violation of the California Business and Professions Code.

Based on her claims, plaintiff Kier sought to recover unpaid wages, including overtime and minimum wages; the reasonable value of the services rendered to Target; disgorgement of illicit profits; restitution; injunctive relief against the purportedly unlawful practices alleged in the complaint; and liquidated and punitive damages, statutory interest, and attorney's fees and costs. *Id.* at Prayer for Relief, ¶¶ 1-12.

On March 12, 2007, plaintiff Kier moved to amend her complaint. *See* Plaintiff Kier's Motion for Order Granting Leave to Amend Plaintiff's Complaint, No. C-06-7957-MHP (Mar. 12, 2007) (Docket No. 28). The proposed First Amended Complaint in *Kier* sought to add Okechuckwu Mbama, the plaintiff in the *Mbama* litigation, as a second named plaintiff in *Kier*; and the proposed First Amended Complaint asserted the same causes of action plus a claim for relief under the California Labor Code Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq*. *See* Declaration of Bonnie Mac Farlane in Support of Plaintiff's Motion for Order Granting Leave to Amend Plaintiff's Complaint, Exh. C, No. C-06-7957-MHP (Mar. 12, 2007) (Docket No. 28). Before Judge Patel decided plaintiff's motion to amend, on April 2, 2007, she granted Target's motion to transfer the case, which effected a change of venue to the Central District of California under 28 U.S.C. section 1404(a). *See* Order Granting Defendant's Motion for Change of Venue, No. C-06-7957-MHP (Apr. 2, 2007) (Docket No. 37). *Kier* remains pending in the Central District of California, where it has been renumbered CV-

07-2739-SJO and assigned to the Honorable S. James Otero. *See* Notice of Receipt of Case Transferred, U.S.D.C., C.D. Cal. No. CV-07-2739-SJO (Apr. 26, 2007) (Docket No. 4).[1]

    **B.**    *Mbama v. Target Corp.*

*Mbama* was filed in the Northern District on June 8, 2007, on behalf of all Target hourly employees in California from June 8, 2003 to the present. *See* Complaint, No. C-07-3041-SI (Jun. 8, 2007) (Docket No. 1). It is currently assigned to Judge Illston of this Court. *See* Order Reassigning Case, No. C-07-3014-SI (Aug. 9, 2007) (Docket No. 10). Plaintiff Mbama is represented in his putative class action by the same counsel who represented plaintiff Kier in the Northern District, *see Mbama* Complaint, No. C-07-3014-SI (Jun. 8, 2007) (Docket No. 1); and who continue to represent her in the Central District, *see Kier* First Amended Complaint, U.S.D.C., C.D. Cal. No. CV-07-2739-SJO (Jul. 9, 2007) (Docket No. 20); Application of A.E. Bud Bailey for Leave to Appear *Pro Hac Vice*, U.S.D.C., C.D. Cal. No. CV-07-2739-SJO (May 4, 2007) (Docket No. 8); Application of J Dana Pinney for Leave to Appear *Pro Hac Vice*, U.S.D.C., C.D. Cal. No. CV-07-2739-SJO (May 4, 2007) (Docket No. 9).

As with *Kier*, the allegations in *Mbama* concern the purportedly systematic and unlawful deprivation of rights guaranteed under California law to Target's hourly employees in the state, *see* First Amended Complaint at ¶¶ 15-26, No. C-07-3041-SI (Jul. 13, 2007) (Docket No. 3); and plaintiff Mbama asserts the following causes of action:

- Failure to provide meal and rest periods.
- Failure to pay wages, including minimum and overtime wages.
- Failure to provide itemized, accurate wage statements.
- Failure to pay wages timely.
- Unfair business practices in violation of the California Business and Professions Code.

Based on his claims, plaintiff Mbama seeks unpaid wages, including overtime and minimum wages; disgorgement of illicit profits; restitution; injunctive relief against the purportedly unlawful practices alleged in the complaint; and liquidated and punitive damages, statutory interest, and attorney's fees and costs. *Id.* at Prayer for Relief, ¶¶ 1-12.

---

[1] Pursuant to the parties' subsequent stipulation, *Kier* is proceeding in the Central District as a single-plaintiff claim. *See* Stipulation and Order Granting Plaintiff Leave to File First Amended Complaint, U.S.D.C., C.D. Cal., No. CV-07-2739-SJO (Jul. 9, 2007) (Docket No. 19).

### III.  *KIER* AND *MBAMA* SHOULD BE RELATED

This Court's Civil Local Rule 3-12(a) provides that cases are related when "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Cases need do not be concurrently pending in the Northern District, *id.* at 3-12(b); and if the actions are determined to be related, they will be assigned to the judge who presided over the first-filed claim, *id.* at 3-12(f)(3). *Kier* and *Mbama* should be related because the two actions satisfy the requisite degree of relatedness required by the local rules.[2]

First, both actions involve "substantially the same parties." *Kier* was filed in this Court as a putative class action on behalf of all current and former Target hourly employees in California from December 29, 2002, to the present. *See Kier* Complaint, ¶ 32, No. C-06-7957-MHP (Dec. 29, 2006) (Docket No. 1). Similarly, *Mbama* is brought as a putative class action on behalf of all current and former Target hourly employees in California from June 8, 2003, to the present. *See Mbama* First Amended Complaint, ¶ 27, No. C-07-3014-SI (Jul. 13, 2007) (Docket No. 3).

Second, *Kier* and *Mbama* assert virtually identical causes of action against Target for violations of California wage-and-hour law against the same defendant. At the core of their respective complaints, plaintiffs Kier and Mbama seek relief for the alleged failure to provide meal and rest periods, failure to pay wages, including overtime and minimum wages, failure to provide itemized, accurate wage statements, failure to pay wages timely, and unfair business practices. *Compare Kier* Complaint, No. C-06-7957-MHP (Dec. 29, 2006) (Docket No. 1) *with Mbama* First Amended Complaint at ¶¶ 15-26, No. C-07-3041-SI (Jul. 13, 2007) (Docket No. 3). In addition, both complaints allege that Target's practices

---

[2] Plaintiff Mbama argues in opposition to Target's Civil Local Rule 3-13 notice that *Mbama* and *Kier* are not related because *Kier* is now pending as a single-plaintiff case in the Central District. This argument misses the point: Local Rule 3-13 asks whether an action substantially overlaps with another action currently pending in another state or federal court. N.D. Cal. Civ. L.R. 3-13(a). By contrast, an action is related for purposes of Local Rule 3-12 when there is substantial overlap with a case that *is or was* pending in this District. N.D. Cal. Civ. L.R. 3-12(a). Plaintiff can hardly argue that his putative class action is not related to *Kier* as it was when pending before Judge Patel. Moreover, plaintiff's opposition is not esoteric; plaintiff wanted to join *Kier* when it was a class action pending before Judge Patel for the sole reason of precluding Judge Patel from transferring the case to the Central District. Once Judge Patel granted the transfer, plaintiff dropped his effort to join *Kier* and re-filed his own class action in the Northern District. Moreover, plaintiff is willing to have Judge Patel hear his case, just not on the basis that it is related to *Kier*. *See* Declaration of Rishi N. Sharma in Support of Administrative Motion to Relate Cases. Plaintiff's hands are quite dirty from his blatant forum-shopping.

are the result of a nation-wide and systematic pattern of violating California wage-and-hour law.

Third, *Kier* was pending in this District for four months before it was transferred to the Central District of California, and the parties filed several motions with Judge Patel related to plaintiff's claims. Accordingly, relating *Mbama* to *Kier* will save the judicial expense and burden of duplicating effort in learning and understanding the nature of the claims and the parties, which are substantially the same in both actions. This relationship is particularly notable here because plaintiff Kier, while her putative class action was pending in the Northern District, sought to amend her complaint to add Mbama as a second named plaintiff; and on this basis, plaintiff Mbama and his claims are no strangers to Jude Patel.

Finally, in *Kier*, the same counsel brought the same set of claims on behalf of the same putative class against the same defendant that are now present in *Mbama*; and in the face of Target's motion to transfer venue, the same counsel who represent *Mbama* sought to add him to *Kier* in the vain hope of retaining a case that otherwise had no relationship to the Northern District. Now, that *Kier* has been transferred, the same plaintiff's counsel seek to find their way back to this forum by way of a new named plaintiff whose claims they must believe will not be transferred. Their efforts are futile and Target will seek to effect transfer once again to remedy this obvious gaming of the federal system.[3] The proper judicial officer to hear Target's motion to transfer under 28 U.S.C. § 1404(a) is Judge Patel, who heard Target's motion to transfer in *Kier*, because proceeding before a different Judge raises the danger of inconsistent results insofar as Judge Patel will be able to recognize the obvious overlap between *Kier* and *Mbama* and is witness to the forum shopping that animates the plaintiffs' efforts.

## IV.    CONCLUSION

In light of the foregoing, Target respectfully requests that the Court grant its motion to relate *Kier* and *Mbama*, and assign them before Judge Patel.

Dated: August 15, 2007.          PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: ___/s/ Rishi N. Sharma_____
Attorneys for Defendant Target Corporation

---

[3] *See, e.g.*, *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. C-03-3711-MHP, 2003 U.S. Dist. LEXIS 26802, *14-18 (N.D. Cal. Oct. 14, 2003) (Patel, J.) (transferring second putative class action brought by same plaintiff's counsel against same defendant with same claims to forum of first putative class action).