A.E. BUD BAILEY (*Pro Hac Vice*)
JOSE R. MATA (Cal. State Bar No. 83724)
SHELBY L. CLARK (Cal. State Bar No. 203606)
BAILEY PINNEY, PC
1498 SE Tech Center Place, Suite 290
Vancouver, Washington  98683
Telephone:  (360) 567-2551
Facsimile:  (360) 567-3331
JMata@wagelawyer.com
SClark@wagelawyer.com

BONNIE MAC FARLANE (Cal. State Bar No. 161526)
720 How Avenue, Suite 113
Sacramento, California  95825
Telephone:  (800) 230-5528
Facsimile:  (800) 230-5866
BMacFarlane@wagelawyer.com

Attorneys for Plaintiff Okechukwu Mbama

JEFFREY D. WOHL (Cal. State Bar No. 96838)
SAIDAH GRAYSON (Cal. State Bar No. 221713)
RISHI N. SHARMA (Cal. State Bar No. 239034)
JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
jeffwohl@paulhastings.com
saidahgrayson@paulhastings.com
rishisharma@paulhastings.com
jeffmichalowski@paulhastings.com

Attorneys for Defendant Target Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKECHUKWU MBAMA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation, and Does 1-25, inclusive,<br><br>Defendants. | No. C-07-3014-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Fed. R. Civ. P. 26(f)<br>N.D. Cal. Civ. L.R. 16-9<br><br>Date:      Friday, September 28, 2007<br>Time:      2:00 p.m.<br>Courtroom: 10, 19th Floor<br>Judge:     Hon. Susan Illston |

1    Pursuant to Civil Local Rule 16-9(a), the parties to the above entitled action jointly submit this Case Management Statement and [Proposed] Order and request the Court to adopt it as the Case Management Order in this case.

## I. JURISDICTION AND SERVICE

### A. Subject Matter Jurisdiction and Service

The court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d): plaintiff Okechukwu Mbama is a citizen of the State of California and Target is a citizen of the State of Minnesota; the amount in controversy exceeds $5 million; and there are at least 100 putative class members. All named parties have been served.

### B. Personal Jurisdiction and Venue

The parties do not contend that there are any issues with personal jurisdiction.

#### 1. Plaintiff's Position Regarding Venue

Plaintiff disagrees with Defendant that this case should or will be transferred to the Central District of California. Plaintiff worked for Defendant within the Northern District of California. Witnesses and documents of Plaintiff are within the Northern District of California. At this time, Plaintiff does not agree that this case should be transferred to any other district. Plaintiff will oppose any motion brought by Defendant to move this case to any other court.

#### 2. Target's Position Regarding Venue

On September 14, 2007, the court in *Mora v. Target Corp.*, U.S.D.C., S.D. Cal., No. 07-CV-0719-BEN-WMC, denied plaintiff Mora's motion to transfer venue of that action to the Northern District. Target's motion to dismiss the complaint in *Mora* remains pending. Target contends that, if the *Mora* complaint is not dismissed (*see* section X, *infra*), then venue of this action should be transferred to the Southern District of California pursuant to 28 U.S.C. section 1404(a), section 1407, or the common law first-to-file rule.

## II. DISPUTED FACTS

Plaintiff Okechukwu Mbama was employed by Target in Albany, California (store T-1926) from approximately July 22, 2005, to December 11, 2005. Plaintiff contends that while he was employed with Target he missed an average of four rest breaks and four meal breaks per week. Plaintiff also

contends that on his termination from Target he did not receive his final paycheck and all wages due until after the time required by California law. Plaintiff contends that the California Division of Labor Standards Enforcement ("DLSE") proceedings do not extinguish his individual rest and meal period claims, and that all of Plaintiff's final wages have not been paid. Further Plaintiff contends that the DLSE proceedings do not stop Plaintiff from being an adequate representative for the class claims alleged in the complaint.

Target contends that plaintiff was provided with full and adequate meal periods and rest breaks under California law. Target contends that it timely paid plaintiff all wages due in good faith at the time of termination. Plaintiff filed a claim with DLSE for final wages and waiting time penalties, and the parties settled plaintiff's DLSE claim without an admission of liability. Target contends that the DLSE settlement extinguishes all of plaintiff's claims.

### III.  LEGAL ISSUES IN DISPUTE

**A.  Plaintiff's Statement.**

1. Whether Target violated California wage-and-hour laws, including but not limited to: California Labor Code sections 200, 201, 202, 203, 216, 218, 226, 226.3, 226.7, 512, and 516.
2. Whether Target willfully failed to pay any wages to Plaintiff.
3. Whether Defendant violated Cal. Bus. & Prof. Code § 17200 *et seq.*

**B.  Target's Statement.**

1. The definition of "provide" under California Labor Code sections 226.3 and 512 and Wage Order 7-2001 sections 10 and 11 with respect to meal and rest periods.
2. The availability of waiting-time penalties under California Labor Code section 203 after payment and settlement of the same.
3. The scope of settlement before the DLSE in subsequent civil litigation.

### IV.  MOTIONS

On August 15, 2007, Target moved to relate the present litigation with *Kier v. Target Corp.*, U.S.D.C., N.D. Cal. No. C-06-7957-MHP, which was pending in the Northern District before its transfer to the Central District of California under 28 U.S.C. section 1404(a). On August 30, 2007, Judge Patel

denied the motion to relate.

### A.    Plaintiff's Potential Future Motions

Once Plaintiff receives permission from the State of California to pursue remedies pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code 2698 *et seq*, (PAGA) Plaintiff intends to move to amend his complaint to add the PAGA remedies. Plaintiff intends to move for class certification as soon as enough discovery is conducted. Plaintiff contends that a motion for class certification can be filed within 6 months after receiving documents/data from the Defendant. The timeline to file a motion for class certification varies depending on what format Defendant's data is maintained, as well as the availability of witnesses to be deposed. At this time, Plaintiff will oppose any motion to transfer or stay his case because of the *Mora* case. Plaintiff worked in the Northern District of California and his witnesses are located in the Northern District of California. Further, *Mora* has filed claims that are not pled in Plaintiff's case e.g. Failure to Provide Minimum Reporting Time Pay and Failure to Compensate Employees for Required Expenses. Also, the *Mora* complaint does not contain claims pursuant to PAGA.

### B.    Target's Potential Future Motions

If the Southern District of California does not grant Target's pending motion to dismiss in *Mora v. Target Corp.*, Target intends to move to transfer venue of this action to the Southern District of California where *Mora* is pending pursuant to 28 U.S.C. section 1404(a), to consolidate pursuant to 28 U.S.C. section 1407, or to dismiss or stay under the common law first-to-file rule (*Mora* being the earlier-filed case). *Mora* involves all of the claims plaintiff pleads in this action. Target will oppose plaintiff's anticipated motion for class certification, and if the motion is granted, may move to decertify the class. Target also intends to move for summary judgment on plaintiff's claims, and if a class is certified, on the class-wide claims.

## V.    AMENDMENT OF PLEADINGS

### A.    Plaintiff's Position

Plaintiff has filed a notice pursuant to PAGA to the California Labor and Workforce Development Agency ("LWDA") to pursue statutory penalties under PAGA. When the agency gives Plaintiff permission to pursue PAGA remedies in private litigation, Plaintiff will move to amend his

1  First Amended Complaint to allege violations of PAGA. Plaintiff may also move to add additional
2  named plaintiffs to the complaint. Plaintiff disagrees with Defendant's position that the deadline to
3  amend the pleadings should be just 79 days after the case management conference. If the Court grants
4  Defendant's request for "phased discovery." Plaintiff contends that it would be inappropriate to schedule
5  a deadline for amendment of the pleadings. However, if the Court allows Plaintiff to pursue full
6  discovery, then a deadline for amendment of the pleadings should be within 6 months after Defendant
7  produces a statistically significant sample of data and documents regarding the allegations in Plaintiff's
8  complaint.

### B. Target's Position

Target proposes a deadline of December 10, 2007, for amendments of the pleadings as plaintiff will know by November 8, 2007, whether he may pursue PAGA remedies by private right of action.

## VI. EVIDENCE PRESERVATION

### A. Plaintiff's Statement Regarding Preservation Efforts

Plaintiff has reviewed his files and records to determine what physical and/or electronic items in his possession, if any, relate to this case, including but not limited to pay stubs, calendars, notes, and correspondence. Copies have been made of the originals of any such files and records that have been found. Documents have been provided to counsel for safekeeping. Plaintiff understands his ongoing duties with regard to discovery, and should further files and records relevant to this case be discovered, they will be promptly delivered to counsel for evaluation and, if appropriate, production. However, Plaintiff will not produce documents that are privileged. Plaintiff contends that Defendant has an obligation to preserve data including electronically stored information relating to this action. Further, Target is to stop all document retention polices which results in data including electronically stored information from being altered or modified from a useable, sortable, and searchable format to a format that is not useable, sortable, and searchable.

### B. Target's Preservation Efforts

All Target records that may be relevant to this litigation are maintained in the regular course of business.

///

LEGAL_US_W # 57017780.9

## VII. DISCLOSURES

### A. Plaintiff's Disclosures

Plaintiff will make initial disclosures on September 24, 2007.

### B. Target's Disclosures

Target will serve initial disclosures by September 24, 2007; Target, however, intends to limit their scope to plaintiff's individual claims and the issues of class certification under Federal Rule of Civil Procedure 23.

## VIII. DISCOVERY STATUS AND PLAN

### A. Status of Discovery

Discovery has not commenced.

### B. Rule 26(f)(1): Timing, Form, or Requirements of Initial Disclosures

The parties will fully and timely comply with Rule 26(a)(1)'s disclosure requirements. However, Plaintiff objects to the requirement of the computation of damages at this time. Plaintiff can not readily compute damages for a class when discovery has not been conducted.

### C. Rule 26(f)(2): Subjects, Completion Date, and Phasing of Discovery

#### 1. Plaintiff's Position

Without narrowing the scope described here, Plaintiff seeks discovery of all documents and information pertaining to the claims for relief in Plaintiff's complaint.

    a. Plaintiff requests data and document production from a statistically significant sample of stores for class certification purposes. Data and documents include but are not limited to: time records, cash register activity records, schedules, payroll records, termination records, contact information of a sample of putative class members, and documents that pertain to rest and meal period claims e.g. logs of rest and/or meal periods logs; e-mails or bulletins outlining Target's oversight over compliance with rest and meal period requirements.

    b. Plaintiff requests that Defendant preserve documents including electronically stored information in a useable, sortable, searchable format.

Further, if "phased discovery" is granted pursuant to Target's request, then Plaintiff requests the Court to forbid Defendant from conducting any other discovery then the taking of Plaintiff's deposition, which should be scheduled for the Plaintiff's convenience without risk to his current employment. If discovery will be limited to phases, numerous document requests that do not relate to the individual plaintiff are a wasteful diversion from necessary class discovery.

Plaintiff argues that discovery should not be conducted in phases. Phased discovery is time consuming and allows the responding party to make unnecessary objections that are a waste of judicial resources. "Discovery on the merits should not normally be stayed pending so-called class discovery, because class discovery is frequently not distinguishable from merits discovery, and class wide discovery is often necessary as circumstantial evidence even when the class is denied. Such a discovery bifurcation will often be counterproductive in delaying the progress of the suit for orderly and efficient adjudication." *See* Newberg on Class Actions § 7:8, page 25. The claims in a wage and hour lawsuit are intertwined such that discovery can not be effectively conducted in phases.

### 2. Target's Position

Target contends that discovery should be conducted in phases, with discovery initially limited to plaintiff's individual claims and class certification issues, and additional discovery on plaintiff's class claims to be conducted in the event that a class is certified. Accordingly, Target will demand documents from plaintiff and take plaintiff's deposition within the next 60 days. Target will conduct additional discovery relevant to plaintiff's individual claims and class certification issues within the next 120 days. Target proposes that discovery on plaintiff's individual claims and class certification issues close by February 22, 2008.

### D. Rule 26(f)(3): Electronic Discovery

### 1. Plaintiff's Position

Plaintiff will seek depositions of individuals knowledgeable about Defendant's collection and storage of electronically stored information. Plaintiff requests that Defendant produce all available relevant documents in an electronic format that is useable, searchable, and sortable, including any

metadata that can be imported into Microsoft Access. TIFF, PDF (aka pure image files), or other format that is not useable, searchable, and sortable is not an acceptable substitute. With agreement of counsel, an alternative to native format may be acceptable if the data is still searchable, sortable, and importable to Microsoft Access or equivalent database program.

### 2. Target's Position

To the extent electronic records are subject to discovery and their production is not unduly burdensome or oppressive, Target intends to produce electronic records as they are stored in the normal course of business, or in a manner that is searchable, depending on the nature of the data, the extent of the production, and the reasonable preference of plaintiff and his counsel. To the extent Target's data storage practices are relevant to the production or maintenance of discoverable evidence, Target will produce for deposition or discovery individuals with knowledge of those practices.

### E. Rule 26(f)(4): Claims of Privilege

There are presently no anticipated issues relating to claims of privilege or of protection as to trial preparation materials.

### F. Rule 26(f)(5): Changes to Limitations of Discovery

#### 1. Plaintiff's Position

Plaintiff asserts that the limitation of 10 depositions is inadequate and will move the Court for additional depositions. Plaintiff asserts that the limitation of 25 interrogatories is inadequate and will move the Court for additional interrogatories.

#### 2. Target's Position

For purposes of phased discovery, Target believes that the limits set forth in the Federal Rules of Civil Procedure should be sufficient for Phase One issues relating to plaintiff's individual claims and the question of class certification. Nevertheless, Target is willing to meet and confer in good faith as discovery proceeds on the suitability of additional interrogatories or depositions by either party. In addition, should a class be certified, Target anticipates that the parties will meet and confer to determine the appropriate balance of phase two merits discovery.

///

///

**G.     Rule 26(f)(6): Other Orders the Court Should Enter**

  **1.     Plaintiff's Position**

Plaintiff requests that Defendant's scheduled timeline and phased discovery requests be rejected. Plaintiff requests that the Court order the parties to further meet and confer regarding discovery issues and timelines discussed herein after the Court denies Defendant's request for phased discovery.

  **2.     Target's Position**

Target respectfully requests that the Court phase discovery, and that Phase One be focused on plaintiff's individual claims and the issue of class certification; and, should a class be certified, Phase Two be focused on class-wide merits issues.  Target further requests that the Court set a Phase One discovery cut-off 30 days prior to the deadline for plaintiff to file his motion for class certification. Finally, Target requests that the Court delay consideration of Phase Two discovery cut-off, including expert discovery, or a trial date until after class certification has been determined.

**IX.    CLASS ACTIONS**

 **A.     Plaintiff's Position**

If Plaintiff is able to obtain full discovery, a motion for class certification can be filed within six months after Defendant produces a statistically significant sample of data and documents as described in Paragraph C1.

Pursuant to Pursuant to Local Rule 16-9(b), Plaintiff provides the following additional information:

  **1.     Applicable Paragraphs of Fed. R. Civ. P. 23**

The operative paragraphs of Fed. R. Civ. P. 23 applicable to the First Amended Complaint are 23(a), (b)(1), and (b)(3).  Plaintiff anticipates that paragraphs 23(c), (d), (e), (g), and (h) will become applicable as the action progresses.

  **2.     Statement of facts showing that class status is proper under Fed. R. Civ. P. 23(a) and 23(b)**

Plaintiff is alleging statewide practices of Defendant that violate federal and state wage laws. Evidence of these unlawful statewide practices includes electronically stored information that can be analyzed with computer database programs. Target operates approximately 209 stores in California.

Target states in its 2006 Annual Report that it employs 352,000 employees or team members with a total of 1488 stores which is a total of approximately 237 employees per store. Plaintiff estimates that approximately 49,440 employees work for Target in California during the course of a year.

### 3. Description of the classes

Plaintiff has alleged the following classes:

a. For rest and meal periods that were not provided, or were provided late, or were interrupted, Plaintiff alleges the following classes: UNPAID REST PERIOD CLASS, UNPAID MEAL PERIOD CLASS, UNPAID WAGES CLASS, BUSINESS AND PROFESSIONS CODE CLASS, and ITEMIZED WAGE STATEMENT CLASS.

b. For failure to pay all due and owing wages at the end of an employee's term of employment, Plaintiff alleges a LATE PAYMENT CLASS.

c. For all of Target's actions in outlined in paragraphs i-iii, Plaintiff alleges a class pursuant to the Unfair Competition Law, Cal. Bus. Prof. Code § 17200.

### B. Target's Position

Target denies that this action is appropriate for class treatment under Rule 23(a) or any of the sub-paragraphs of Rule 23(b). Target's consistent policy is to provide meal and rest periods and to pay all wages due on termination, and there is no company-wide practice inconsistent with these policies. Target may raise additional objections to class certification, including, but not necessarily limited to, plaintiff's adequacy as a class representative.

## X. RELATED CASES

### A. Plaintiff's Position

As discussed above, *Mora v. Target Corp.* contains claims for relief that are not contained in Plaintiff's complaint. Further, Plaintiff will be moving to file as a representative "aggrieved employee" pursuant to the PAGA which is not alleged in *Mora v. Target Corp.* At this time, Plaintiff is not willing to concede that the *Mora* case is related to Plaintiff's case.

### B. Target's Position

*Mora v. Target Corp.* was filed in the Southern District of California on April 19, 2007. *Mora* asserts the same causes of action on behalf of the same putative class at issue in the present litigation,

including: failure to pay wages, failure to provide meal periods and rest breaks, failure to provide itemized wage statements, and unfair competition. On September 14, 2007, the court denied plaintiff Mora's motion to transfer venue of the action to the Northern District of California. Target's motion to dismiss *Mora* remains pending.

## XI. RELIEF SOUGHT

### A. Plaintiff

Plaintiff seeks monetary relief for Target's violations of California wage and hour on behalf of current and former employees. Plaintiff has also alleged injunctive relief to enable the Court to order Defendant to cease violating wage and hour laws, including but not limited to rest and meal period violations.

### B. Target

Target is not presently aware of any counter-claims against plaintiff or the putative class, but will seek its costs of suit, including reasonable attorneys' fees and expenses, and such further or other relief as may be proper.

## XII. SETTLEMENT AND ADR

To date, no settlement discussions have occurred, but the case is assigned to the ADR Multi-Option Program under ADR Local Rule 3. Plaintiff believes that the case is well-suited for private mediation; Target agrees to pursue private mediation after adequate discovery. Upon completion of adequate discovery, the parties will consider alternative dispute resolution in private mediation pursuant to ADR Local rule 3-4(b). Each side will pay one-half the cost of a mutually agreeable private mediator.

## XIII. CONSENT TO MAGISTRATE JUDGE

The parties do not consent to proceeding before a Magistrate Judge.

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration or a special master. Plaintiff contends that the case is not suitable for reference to the Judicial Panel on Multidistrict Litigation. Target contends that, should the related *Mora v. Target Corp.* litigation not be dismissed, the present litigation and *Mora* should be consolidated into a single proceeding pursuant to 28 U.S.C. section 1407 or transferred to the United States District Court for the Southern District of California, where *Mora* is

pending, pursuant to 28 U.S.C. section 1404(a); or dismissed or stayed under the first-to-file rule.

## XV.  NARROWING OF ISSUES

The parties may be willing to stipulate to certain facts, and if the case proceeds to trial, Target will seek to bifurcate the liability, compensatory damages, and punitive damages phases. Summary judgment or class certification motions also may narrow the issues to be tried.

## XVI.  EXPEDITED SCHEDULE

This is not the type of case that should be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties propose the following dates:

| Event | Plaintiff | Target |
| --- | --- | --- |
| Last Day to Complete Phase One Discovery | Opposed to Phased Discovery. | February 22, 2008 |
| Last Day to File Motion for Class Certification | Within 6 months after receipt of discovery including a statistically significant sample | March 20, 2008 |
| Hearing on Motion for Class Certification | Pursuant to Local Rules | June 20, 2008 |
| Last Day to Complete Phase Two Non-expert Discovery | Opposed to Phased Discovery | To be set once class certification is decided. |
| Last Day to Complete Phase Two Expert Discovery | Opposed to Phased Discovery | To be set once class certification is decided. |
| Last Day to Hear Dispositive Motions | Request the Court to Order the Parties to Meet and Confer | To be set once class certification is decided. |
| Final Pretrial Conference | Request the Court to Order the Parties to Meet and Confer | To be set once class certification is decided. |
| Trial Date | Request the Court to Order the Parties to Meet and Confer | To be set once class certification is decided. |

## XVIII. TRIAL

### A.  Plaintiff's Position

Plaintiff expects that the trial will last five to eight days if a class is not certified and two to three weeks if a class is certified.

**B.      Target's Position**

Target expects that the trial will last seven to ten days if a class is not certified, and 70 to 100 days if a class is certified; it is premature, however, to schedule or estimate the length of trial until the parties have had an opportunity to engage in discovery and the Court has made a determination on plaintiff's anticipated motion for class certification. In addition, the length of trial and the methods available for expediting trial will depend on whether the Court must adjudicate class-wide or individual claims. As such, Target proposes that the Court revisit the issue of trial length after it makes its class certification determination.

**XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their respective Certification of Interested Entities or Persons as required by Civil Local Rule 3-16. The parties are not aware of any person, firm, partnership, corporation, or other entity (aside from the parties, themselves) that has either a financial interest in the subject matter of the controversy, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: September 18, 2007.         A.E. BUD BAILEY
                                   JOSE R. MATA
                                   SHELBY L. CLARK
                                   BAILEY PINNEY, PC

                                   BONNIE MAC FARLANE


                                   By: /s/ Bonnie Mac Farlane
                                          Bonnie Mac Farlane
                                   Attorneys for Plaintiff Okechukwu Mbama


Dated: September 18, 2007.         JEFFREY D. WOHL
                                   SAIDAH GRAYSON
                                   RISHI N. SHARMA
                                   JEFFREY P. MICHALOWSKI
                                   PAUL, HASTINGS, JANOFSKY & WALKER LLP

                                   By: /s/ Rishi N. Sharma
                                          Rishi N. Sharma
                                   Attorneys for Defendant Target Corporation

## CASE MANAGEMENT ORDER

The Case Management Statement and [Proposed] Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: September ___, 2007.

_____
Susan Illston
United States District Judge