1 | A.E. BUD BAILEY (*Pro Hac Vice*)
JOSE R. MATA (Cal. State Bar No. 83724)
2 | BAILEY PINNEY, PC
1498 SE Tech Center Place, Suite 290
3 | Vancouver, Washington 98683
Telephone: (360) 567-2551
4 | Facsimile: (360) 567-3331
JMata@wagelawyer.com
5 | SClark@wagelawyer.com

6 | BONNIE MAC FARLANE (Cal. State Bar No. 161526)
720 How Avenue, Suite 113
7 | Sacramento, California 95825
Telephone: (800) 230-5528
8 | Facsimile: (800) 230-5866
BMacFarlane@wagelawyer.com
9 |
Attorneys for Plaintiff Okechukwu Mbama
10 |
JEFFREY D. WOHL (Cal. State Bar No. 96838)
11 | SAIDAH GRAYSON (Cal. State Bar No. 221713)
RISHI N. SHARMA (Cal. State Bar No. 239034)
12 | JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
13 | 55 Second Street, 24th Floor
San Francisco, CA 94105-3441
14 | Telephone: (415) 856-7000
Facsimile: (415) 856-7100
15 | jeffwohl@paulhastings.com
saidahgrayson@paulhastings.com
16 | rishisharma@paulhastings.com
jeffmichalowski@paulhastings.com
17 |
Attorneys for Defendant Target Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKECHUKWU MBAMA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation, and Does 1-25, inclusive,<br><br>Defendants. | No. C-07-3014-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Fed. R. Civ. P. 26(f)<br>N.D. Cal. Civ. L.R. 16-10(d)<br><br>Date: Friday, November 16, 2007<br>Time: 2:30 p.m.<br>Courtroom: 10, 19th Floor<br>Judge: Hon. Susan Illston |

# JOINT CASE MANAGEMENT STATEMENT

Plaintiff Okechukwu Mbama and defendant Target Corporation ("Target") jointly submit this Case Management Statement for the November 16, 2007, case management conference pursuant to Civil Local Rule 16-10(d).

## I.     CASE BACKGROUND

Plaintiff commenced this action on June 8, 2007, and filed his first amended complaint on July 13, 2007. Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of himself and a putative class consisting of all current and former Target employees in California during the applicable limitations period; and plaintiff seeks certification under Rule 23(a) and Rule 23(b)(1) and 23(b)(3). In his first amended complaint, plaintiff alleges that Target, as part of a state- and/or nation-wide corporate plan and scheme, fails to provide its California employees with meal and rest periods, accurate itemized wage statements, and all wages due on termination; and that Target's corporate plan and scheme is an unlawful business practice.

Target answered plaintiff's first amended complaint on August 7, 2007. Target denies plaintiff's material allegations and avers that plaintiff's claims cannot be properly certified as a class action under Rule 23(a) and Rule 23(b)(1) or 23(b)(3). Target also seeks transfer of this action to the United States District Court for the Southern District of California under 28 U.S.C. § 1404, 28 U.S.C. § 1407, or the common law first-to-file rule for consolidation with the earlier-filed and substantially similar putative class action *Mora v. Target Corporation*, U.S.D.C., S.D. Cal., No. 07-CV-0719 BEN (WMC), currently pending before Judge Benitez in the Southern District of California.

The parties filed their Joint Case Management Statement on September 18, 2007, and appeared before the Court on September 28, 2007, for the initial case management conference. The Court stayed further proceedings in this action pending the outcome of Target's motion to dismiss the *Mora* litigation in the Southern District and scheduled a further case management conference for November 16, 2007.

## II.     SUBSEQUENT CASE DEVELOPMENTS

Since the case management conference held in this action on September 28, 2007, the U.S. District Court for the Southern District of California issued two orders in *Mora*:

1  • On November 5, 2007, the Southern District denied Target's motion to dismiss *Mora*. A true
2     copy of the Southern District's order is attached to this statement as Exhibit A.
3  • Also on November 5, the Southern District ordered the plaintiff in *Mora* to show cause why the
4     case should not be dismissed for lack of subject matter jurisdiction. The court set November 21,
5     2007, as the due date for the plaintiff's showing, and set December 5, 2007, for Target's
6     response. A true copy of the Southern District's order is attached to this statement as Exhibit B.

### III. FURTHER PROCEEDINGS

#### A. Plaintiff's Position

Plaintiff filed his complaint on June 8, 2007. The motion to dismiss in *Mora* was heard in July, 2007, however, the Southern District Court took almost 4 months to render a decision. The Southern District Court does not seem to quickly make decisions and if Plaintiff's case were transferred to the Southern District Court, Plaintiff's case will be litigated in a slow moving crowded docket. Therefore, Plaintiff does not agree that the Plaintiff's case should be transferred nor stayed any longer. Plaintiff believes that the Southern District Court will not quickly decide the issue of subject matter jurisdiction as the Defendant asserts. It is in the interest of justice to allow Plaintiff to pursue his claims in this Court at this time. Waiting any longer will further delay the judicial process and possibly cause harm to the Plaintiff. For example, the Court has not ordered that Defendant preserve documents for the purpose of discovery. Every day that passes pursuant to a stay order limits the Plaintiff's right to adequately pursue his claims in a timely manner.

The Defendant has not filed a motion to transfer the Plaintiff's case and any decision to transfer should be stayed until the parties have had a full and fair opportunity to be heard on the issue of transferring Plaintiff's case. Plaintiff resided in the Northern District when he worked for Defendant. Plaintiff's witnesses will be located in the Northern District. Defendant has been willing to produce witnesses to be deposed in the Northern District in the case of *Kier v. Target Corporation*, Case No. CV 07-2739 SJO even though the *Kier* case was moved to the Central District, in part, for the "convenience for the parties". Given the crowded docket in the Southern District, as evidenced by how long it took the Southern District Court to decide the motion to dismiss in *Mora*, Plaintiff asserts that his interests

would be better served by the Northern District Court. Defendant's counsel would also be better served by retaining the case in the Northern District because lead counsel's office is located in the Northern District. There are no viable reasons to transfer the Plaintiff's case other than the *Mora* case was filed earlier than the Plaintiff's case. The earlier filed case is only one factor that the Court should determine in deciding whether or not to transfer Plaintiff's case. The earlier filed case argument is especially weak in this case because the *Mora* case has not moved further in the litigation process, and it will take months for the Southern District Court to decide if it will dismiss the case for lack of subject matter jurisdiction. Given all of the above, the Plaintiff requests the Court to lift the stay and let the litigation of Plaintiff's case proceed accordingly.

### B. Target's Position

Target is confident that Judge Benitez will uphold federal jurisdiction in *Mora* under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), for the same reason that this Court has jurisdiction;[*] and if *Mora* proceeds in the Southern District, then this action should be transferred for consolidation with *Mora*, the earlier-filed action. As the Court recognized in the September 28, 2007, initial case management conference, there is substantial similarity between plaintiff Mbama's class allegations in this litigation and the allegations in *Mora*; and on that basis, it makes little sense to proceed on two, overlapping sets of claims on behalf of the same class against the same defendant in both the Northern and Southern Districts of California.

Accordingly, in the interest of efficiency, Target requests that the Court vacate the November 16, 2007, case management conference and re-schedule the conference for sometime in January 2008 (with a further joint case management statement to be filed at least seven days prior). Target anticipates the status of *Mora* will be resolved by that time and, unless the parties have already stipulated to a transfer of this action to the Southern District or the Court has already so ordered,[†] the Court can conduct further case management proceedings.

---

[*] As the parties reported on September 18, 2007, in their first Joint Case Management Statement, federal subject matter jurisdiction is proper under the Class Action Fairness Act of 2005 because the parties are minimally diverse, the putative class consists of at least 100 members, and the amount in controversy exceeds five million dollars.

[†] The Court may order transfer *sua sponte* pursuant to 28 U.S.C. § 1404(a). *See Dudash v. Varnell Struck & Assoc.*, No. C-04-2748-MHP, 2004 U.S. Dist. LEXIS 24871, *11-12 (N.D. Cal. Nov. 16, 2004) (citing *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964 (9th Cir. 1993)).

Dated: November 29, 2007.

By: /s/ Bonnie Mac Farlane
Bonnie Mac Farlane
Attorneys for Plaintiff Okechukwu Mbama

Dated: November 29, 2007.   JEFFREY D. WOHL
SAIDAH GRAYSON
RISHI N. SHARMA
JEFFREY P. MICHALOWSKI
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Rishi N. Sharma
Rishi N. Sharma
Attorneys for Defendant Target Corporation