# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE CESAR VILCHES MORA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota corporation, and DOES 1 through 125, Inclusive,<br><br>Defendants. | CASE NO. 07CV0719 BEN (WMC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DENYING DEFENDANT'S MOTION TO STRIKE, AND DENYING DEFENDANT'S MOTION TO STAY**<br>**[D.E. No. 18]** |

## I. INTRODUCTION

On April 19, 2007, Plaintiff Renee Cesar Vilches Mora ("Mora") filed a wage and hour suit with class action allegations against Target Corporation ("Target") based on its company policies and practices. On July 23, 2007, Target moved to dismiss Mora's Complaint for failure to state a claim for relief or to strike Plaintiff's class allegations. In the alternative, Target moves to stay this action pending the outcome of two previously filed class actions filed against Target in other districts. Plaintiff opposes the Motion.

For the reasons that follow, the Court hereby **DENIES** Defendant's Motion to Dismiss, **DENIES** Defendant's Motion to Strike and **DENIES** Defendant's Motion to Stay.

## II. FACTS

Mora asserts seven claims alleging violations of California's employment laws based on Target's policies and practices.[1] The following facts are taken from Mora's Complaint, and only the relevant facts are stated.[2] The Court makes no factual determinations at this stage.[3]

Mora was formerly employed as a sales person by Target. Plaintiff's duties included but were not limited to: "operating the cash register, assisting customers in finding items and answering product questions, stocking and organizing shelves and floor space, and general cleaning." Compl. ¶ 19. Plaintiff seeks to represent a class on behalf of himself and all others similarly situated and defined as: "All of Defendant's California non-exempt hourly store employees who worked for Defendant at any time four years prior to the filing of this action through the date of trial." *Id*. ¶ 29.

Mora's Complaint alleges that during the class period, he and members of the proposed class were encouraged to "clock out" for meal breaks while continuing to work. *Id*. ¶ 22. Mora asserts that Target's management required employees to take a thirty minute meal break at the completion of shifts which often exceeded eight hours. *Id*. ¶ 23. Plaintiff claims that Target failed to provide the required rest and meal periods as mandated under the California Labor Code. *Id*. ¶ 24.

Mora alleges that he and fellow employees were regularly dismissed after reporting for scheduled shifts without being furnished at least half the day's work hours. *Id*. ¶ 25. Further, Mora asserts that when dismissed after working less than half of a scheduled shift, employees were not compensated appropriately under California law. *Id*. ¶ 26. Additionally, Mora claims he and other Target employees were required to wear certain uniform shirts and pants and were

---

[1] The Court notes that jurisdiction is an appropriate inquiry, if jurisdiction is satisfied under the Class Action Fairness Act (CAFA) then jurisdiction is proper. That determination remains to be made.

[2] *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("The focus of any Rule 12(b)(6) dismissal . . . is the complaint.").

[3] *See United States v. LSL Biotechnologies*, 379 F.3d 672, 698 (9th Cir. 2004).

CASE NO. 07CV0719 BEN (WMC)

-2-

not reimbursed for the purchase of said items. *Id*. ¶ 27. Finally, Mora asserts that he and other employees were not paid required overtime compensation. *Id*. ¶ 28.

### III. DISCUSSION

#### A. Legal Standard

Target moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). Rule 12(b)(6) permits dismissal of a claim when the claim lacks a cognizable legal theory or there are insufficient facts alleged to support plaintiff's theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1974 (2007). In other words, when all the allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, there must be enough factual allegations to raise a right to relief above the speculative level. *See id.* at 1965.

#### B. Target's Motion to Dismiss

Defendant's Motion to Dismiss attacks the allegations in the Complaint for failure to state a claim arguing that the Plaintiff's allegations are vague and conclusory. In evaluating the sufficiency of a complaint, courts are required to take all material allegations in the complaint to be true and construe them in the light most favorable to the non-moving party. *Karam v. City of Burbank,* 352 F.3d 1188, 1192 (9th Cir. 2003). However, courts are not obligated to accept conclusory statements as factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Applying these general standards, the Court finds that Mora's Complaint sufficiently alleges facts to support his wage and hour claims against Target.

Defendant argues that the Complaint merely tracks the language of the relevant statutes in conclusory fashion and fails to allege facts to support that conclusion. Here, Mora did allege facts. The Complaint specifies that during the class period, Plaintiff was:

1. "[E]ncouraged by management to regularly clock out for a meal break and continue working without being paid at their regular rate of compensation." Compl. ¶ 22.

2. "[R]equired by management to take a thirty (30) minute meal break at the completion of the employees' shifts, which frequently exceeded eight (8) hours." *Id*. ¶ 23.

3. "[R]equired to work in excess of four (4) hours without being provided a rest period and were required to work in excess of five (5) and/or ten (10) hours per day, without being provided meal periods. . ." *Id*. ¶ 24.

4. "[R]egularly dismissed after reporting for their regular shifts without being furnished at least half the day's work hours." *Id*. ¶ 25.

5. "[N]ot compensated half the usual or scheduled day's work, but in no event less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, when the employee was furnished less than half of said employee's usual or scheduled day's work." *Id*. ¶ 26.

6. "[N]ot reimbursed for the purchase of specialty items employees were required to wear, including specific uniform shirts and pants." *Id*. ¶ 27.

7. "[N]ot paid overtime premium compensation for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week." *Id*. ¶ 28.

In setting forth the Plaintiff's individual, general and class allegations the Complaint repeats these allegations in substantially similar language. *See* Compl. ¶¶ 2-6, 12, 17, 22-28, 40. These allegations provide the Defendant general notice of the nature of Mora's claims.

While Mora does not need detailed factual allegations at this stage, he must allege enough facts so as to raise his right to relief above the speculative level. *See Bell Atlantic Corp*., 127 S. Ct. at 1965. Here, Mora alleges that Target had a consistent policy of failing to provide required meal and/or rest periods, requiring employees to work through meal periods while clocked out, failing to provide required overtime compensation, failure to provide

1  minimum reporting time pay and failing to reimburse employees for the cost of specific uniform
2  shirts and pants. These allegations are sufficient to give Defendant notice of what the claims are
3  and the grounds upon which they rest. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957).
4
5  The Court, taking the allegations in the Complaint to be true and viewed in the light
6  most favorable to the Plaintiff finds that Mora has "nudged" his wage and hour claims "across
7  the line from conceivable to plausible" and satisfies the relaxed pleading requirements under
8  Federal Rule of Civil Procedure 8(a). *See Bell Atlantic Corp.*, 127 S. Ct. at 1974. Accordingly,
9  Target's Motion to Dismiss the Complaint is Denied.

**C. Target's Motion to Strike Plaintiff's Class Allegations is Denied**

The Court finds that Target's Motion to Strike the class allegations is premature.
Generally, the Court reviews the class allegations through a motion for class certification. Such
a motion should be filed "as soon as practicable" after Defendant's answer. *See* Fed. R. Civ. P.
23(c)(1). If Mora fails to bring such a motion within a reasonable time after Defendant's
answer, then the Court will entertain a motion to strike the class allegations. *See Moreno v. Baca*, Case No. 00CV7149, 2000 U.S. Dist. WL 33356835, at *2 (C.D. Cal. Oct. 13, 2000).

**D. Target's Motion to Stay is Denied**

Target seeks to dismiss or stay this action until related causes of action pending in both
the Northern and Central Districts of California are resolved. A district court has inherent
power to control the disposition of its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254
(1936). The court must weigh competing interests to maintain an even balance in controlling its
docket. *Id.* at 254-55. The competing interests include the possible damage which may result
from granting a stay, the hardship or inequity a party may suffer in being required to adjudicate,
and whether the stay will simplify or complicate issues, proof, and questions of law. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (*citing Landis*, 299 U.S. at 254-55). "[T]he

suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

Defendant seeks to dismiss this action based on two previously filed class actions[4] under the "first-to-file" rule or, in the alternative, to stay the action pending the outcome of class certification proceedings in those cases. The "first-to-file" rule generally recognizes a "doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).

In the intervening time between the filing of Target's Motion to Stay, the *Burger* action was dismissed pursuant to a joint stipulation and the class allegations have been dropped from the *Kier* action. Accordingly the Motion to Stay is Denied.

## IV. CONCLUSION

The Court **DENIES** Target's Motion to Dismiss. Target's Motion to Strike is **DENIED**. Target's Motion to Stay is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 5, 2007

_____
Hon. Roger T. Benitez
United States District Judge

---

[4] *Kier v. Target Corporation*, CV 07-02739 (C.D. Cal.) ("*Kier*") and *Burger v. Target Corpor*ation, C-07-1052-MMC (N.D. Cal.) ("*Burger*").

CASE NO. 07CV0719 BEN (WMC)
-6-