1   JOSE R. MATA (Cal. State Bar No. 83724)
    BAILEY PINNEY, PC
2   1498 SE Tech Center Place, Suite 290
    Vancouver, Washington  98683
3   Telephone: (360) 567-2551
    Facsimile:  (360) 567-3331
4   JMata@wagelawyer.com

5   (Additional counsel for plaintiff on next page)

6   Attorneys for Plaintiff Okechukwu Mbama

7   JEFFREY D. WOHL (Cal. State Bar No. 96838)
    RISHI N. SHARMA (Cal. State Bar No. 239034)
8   GREGGORY W. DALTON (Cal. State Bar No. 252000)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
9   55 Second Street, 24th Floor
    San Francisco, California  94105-3441
10  Telephone: (415) 856-7000
    Facsimile:  (415) 856-7100
11  jeffwohl@paulhastings.com
    rishisharma@paulhastings.com
12  greggorydalton@paulhastings.com

13  Attorneys for Defendant Target Corporation

14

15                  UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17

18  OKECHUKWU MBAMA, individually           No. C-07-3014-SI
    and on behalf of all others similarly
19  situated,                               **JOINT STIPULATION AND [PROPOSED]**
                                            **ORDER TO TRANSFER**
20              Plaintiff,

21      vs.

22  TARGET CORPORATION, a Minnesota
    Corporation, and Does 1-25, inclusive,
23
                Defendants.
24

25

26

27

28

1  Additional Counsel for Plaintiff Okechukwu Mbama:

2  SUSAN SEEMILLER (Cal. State Bar No. 150546)
   BAILEY PINNEY, PC
3  840 County Square Drive
   Ventura, California  93003
4  Telephone: (805) 339-9090
   Facsimile:  (805) 339-0090
5  sseemiller@wagelawyer.com

6  BONNIE MAC FARLANE (Cal. State Bar No. 161526)
   BAILEY PINNEY, PC
7  720 Howe Avenue, Suite 113
   Sacramento, California  95825
8  Telephone: (800) 230-5528
   Facsimile:  (800) 230-5866
9  bmacfarlane@wagelawyer.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION TO TRANSFER**

Plaintiff Okechukwu Mbama and defendant Target Corporation ("Target"), appearing through their respective counsel of record, stipulate as follows:

1.    Plaintiff Mbama commenced this action on June 8, 2007, and alleged, *inter alia*, that Target failed to provide meal periods and rest breaks; failed to provide accurate, itemized wage statements; failed to pay wages timely; and engaged in unlawful business practices.  Based on his allegations, plaintiff Mbama seeks to represent himself and a class consisting of consisting Target's current and former California employees for the relevant liability period(s); and to recover for himself and his proposed class wages due, statutory damages, punitive damages, and other penalties.

2.    On April 19, 2007, however, prior to the filing of plaintiff Mbama's complaint, another plaintiff—Renee Cesar Vilches Mora—commenced his own action in the United States District Court for the Southern District of California entitled *Renee Cesar Vilches Mora v. Target Corp.*, U.S.D.C., S.D. Cal., No. 07-CV-0719 BEN ("*Mora*"), which is pending before United States District Judge Roger T. Benitez.  Plaintiff Mora's complaint alleges causes of action identical to plaintiff Mbama's complaint and seeks certification of a class consisting of all current and former Target employees in California for the relevant liability period.

3.    On June 14, 2007, Target moved to dismiss the *Mora* complaint under Federal Rule of Civil Procedure 12(b)(6) based on the then-recently decided opinion of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ---, 127 S. Ct. 1955 (2007).

4.    In the initial case management statement for this action, filed on September 18, 2007, the parties informed the Court of the related suit in *Mora* and reported that Target's motion to dismiss the complaint in *Mora* was still pending before Judge Benitez in the Southern District.

5.    At the September 28, 2007, initial case management conference in this action, the Court orally stated its intention to transfer this case to the Southern District of California for consolidation with *Mora*, the earlier-filed action, should *Mora* survive Target's motion to dismiss.  Following the conference, the Court stayed proceedings and set a further case management conference for November 16, 2007, to allow Judge Benitez time to rule on Target's motion to dismiss in *Mora*.

///

6.    On November 9, 2007, the parties reported in their further case management statement in this action that Judge Benitez had denied Target's motion to dismiss the complaint in *Mora*, but had simultaneously issued an order to show cause why *Mora* should not be dismissed for lack of subject matter jurisdiction.  Based on its confidence that Judge Benitez would find jurisdiction in *Mora* proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), Target asked that the Court continue the case management conference and the stay of this action until January 2008 in the anticipation that Judge Benitez would have discharged the order to show cause by that time.

7.    At the November 16, 2007, further case management conference, the Court reiterated its intention to transfer this action to the Southern District if *Mora* were allowed to proceed; continued the stay of this action; and set a further case management conference for January 18, 2008.

8.    On January 15, 2008, the parties by stipulation requested the Court vacate the January 18 conference because Judge Benitez had yet to discharge his order to show cause, and further requested that the Court continue the stay and the case management conference to February 29, 2008.  On January 17, 2008, the Court adopted the parties' stipulation.

9.    On February 22, 2008, the parties again requested by stipulation that the Court vacate the February 29 case management conference to allow Judge Benitez to rule on his order to show cause, and further requested that the Court continue the stay and case management conference to April 25, 2008. On February 26, 2008, the Court adopted the parties' stipulation.

10.    On February 29, 2008, Judge Benitez discharged his order to show cause and found that plaintiff Mora's complaint met the jurisdictional prerequisites of CAFA.  A true copy of Judge Benitez's February 29 order is attached to this stipulation, and the parties ask that this Court take judicial notice of the order.

11.    The parties now request that the Court effect transfer of this action to the United States District Court for the Southern District of California for consolidation with *Mora* for two reasons:

a.    First, this Court broad authority to order transfer in the interest of justice or for the convenience of the parties and witnesses.  28 U.S.C. § 1404(a); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Transfer is appropriate here because it will serve the interest of justice. Courts have consistently held that where two suits concern similar allegations or claims, transfer is

JOINT STIPULATION AND ORDER TO TRANSFER
U.S.D.C., N.D. Cal., No. C-07-3014-SI

appropriate to save judicial time and resources, reduce duplicative discovery, and ease the burdens of litigation. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *In re A.J. Indus., Inc.*, 503 F.2d 384, 389 (9th Cir. 1974). In fact, the Judicial Panel on Multidistrict Litigation has often cited the pendency of similar putative class actions for transfer under the similar statutory language of 28 U.S.C. section 1407. *See, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 342 F. Supp. 2d 1355, 1356 (J.P.M.L. 2004); *In re First Nat'l Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978); *In re Equity Funding Corp. of Am. Sec. Litig.*, 375 F. Supp. 1378, 1385-86 (J.P.M.L. 1973). The same logic applies here: transfer to the Southern District of California for consolidation with *Mora* will serve the interest of justice by reducing the unnecessary waste of judicial and litigant time and resources by proceeding on parallel tracks in two different courts.

   b.   Second, the Court has inherent power to effect transfer under the first-to-file rule. *See Smith v. M'Iver*, 22 U.S. 532, 535 (1824) (recognizing that "the Court which first has possession of the subject must decide it."). This doctrine of the federal common law permits a court to dismiss, stay, or transfer a later-filed action that substantially overlaps with earlier-filed litigation. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623, 625 (9th Cir. 1991). The rule's purpose is to avoid duplicative litigation. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Just as transfer would avoid duplicative litigation under section 1404(a), so too does it warrant transfer under the first-to-file rule.

   12.   The parties also request that the stay in this action continue in force until the transfer to the Southern District of California is effected, at which time the prosecution of this action will fall within the jurisdiction of the Southern District of California.

///
///
///
///
///
///
///

JOINT STIPULATION AND ORDER TO TRANSFER
U.S.D.C., N.D. Cal., No. C-07-3014-SI

LEGAL_US_W # 58322395.1

1    Dated:  March 6, 2008.          JOSE R. MATA
                                     SUSAN SEEMILLER
2                                    BONNIE MAC FARLANE
                                     BAILEY PINNEY, PC
3

4                                    By: /s/ Jose R. Mata
                                     _____
5                                         Jose R. Mata
                                     Attorneys for Plaintiff Okechukwu Mbama
6

7    Dated:  March 6, 2008.          JEFFREY D. WOHL
                                     RISHI N. SHARMA
8                                    GREGGORY W. DALTON
                                     PAUL, HASTINGS, JANOFSKY & WALKER LLP
9

10                                   By: /s/ Rishi N. Sharma
                                     _____
11                                        Rishi N. Sharma
                                     Attorneys for Defendant Target Corporation
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4                JOINT STIPULATION AND ORDER TO TRANSFER
                 U.S.D.C., N.D. Cal., No. C-07-3014-SI

1

**<u>TRANSFER ORDER</u>**

2

On the stipulation of the parties, and good cause appearing therefore,

3

IT IS HEREBY ORDERED, pursuant to 28 U.S.C. section 1404(a) and the common law first-to-

4

file rule, that the above-titled action be transferred from this Court to the United States District Court for

5

the Southern District of California in light of the substantial overlap between plaintiff Okechukwu

6

Mbama's claims in this action and the claims in the earlier-filed action pending before United States

7

District Judge Roger T. Benitez in the Southern District of California titled *Renee Cesar Vilches Mora v.*

8

*Target Corporation*, U.S.D.C., S.D. Cal. No. 07-CV-0719-BEN (filed April 19, 2007).

9

IT IS HEREBY ALSO ORDERED that the stay of this action remain in force until transfer to the

10

Southern District of California is effected.

11

Dated: March ___, 2008.

12

Susan Illston
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION AND ORDER TO TRANSFER
U.S.D.C., N.D. Cal., No. C-07-3014-SI

LEGAL_US_W # 58322395.1